UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRIANNA McCRARY,<br><br>    Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP; and DOES 1 THROUGH 10, inclusive,<br><br>    Defendant. | Case No. 4:12-cv-13947-SJM-LJM<br><br>Hon. Gershwin A. Drain |
| Peter Jon Cozmyk (OBN: 0078862)<br>Cozmyk Law Offices, LLC<br>Attorney for Plaintiff<br>6100 Oak Tree Blvd., Suite 200<br>Independence, OH 44131<br>(877) 570-4440<br>(216) 672-5261 (Facsimile)<br>email: pcozmyk@cozmyklaw.com | Michael J. Hodge (P25146)<br>Scott R. Eldridge (P66452)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>Attorneys for Defendant GC Services LP<br>One Michigan Avenue, Suite 900<br>Lansing, MI 48933<br>(517) 487-2070<br>(517) 374-6304 (Facsimile)<br>email: hodge@millercanfield.com<br>email: eldridge@millercanfield.com |

**DEFENDANT GC SERVICES, LP'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES**

NOW COMES Defendant, GC Services, LP ("GC Services" or "Defendant"), by and through its attorneys Miller, Canfield, Paddock and Stone, PLC, and for its Answer to Plaintiff's Complaint states:

*I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff, Brianna McCrary, an individual consumer, against defendant GC Services Limited Partnership for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and

unfair practices.

**ANSWER:** GC Services admits that Plaintiff is purporting to allege violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, but GC Services denies as untrue that it violated the FDCPA and that Plaintiff is entitled to any relief or damages of any kind whatsoever.

## *II. JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

**ANSWER:** GC Services denies as untrue the allegations in paragraph 2 that it engaged in "the conduct complained of…here". GC Services admits, however, that this Court has jurisdiction to hear Plaintiff's FDCPA claims and this venue is properly laid in this Court. To the extent that any other allegations were intended, the same are hereby denied as untrue.

## *III. PARTIES*

3. Plaintiff, Brianna McCrary is a consumer, a natural person allegedly obligated to pay any debt, residing in Oakland in the state of Michigan.

**ANSWER:** GC Services neither admits nor denies the allegations in paragraph 3 because it is without information or knowledge sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

4. Defendant, GC Services Limited Partnership is a foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located at 6330 Gulfton Dr., Houston, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

**ANSWER:** GC Services admits the allegations in paragraph 4, except it denies as untrue the allegation that "the principal purpose of Defendant is the collection of debts in this state."

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1962a(6).

**ANSWER:** GC Services admits the allegations in paragraph 5.

### IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

**ANSWER:** GC Services admits that, within one year prior to being served with this complaint, it placed collection calls to Plaintiff to collect a student loan debt that Plaintiff owed and continues to owe. GC Services does not know what Plaintiff means by "consumer debt owed under an account number" and that particular allegation is not susceptible to a reasoned response, and GC Services, thus, denies it as untrue. To the extent any other allegations were intended, the same are hereby denied as untrue.

7. The debt that Defendant is attempting to collect is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

**ANSWER:** GC Services neither admits nor denies the allegations in paragraph 7 because it is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

calls to Plaintiff prior to April 27, 2012.

**ANSWER:** GC Services admits the allegations in paragraph 8.

9. Upon information and belief, within one year preceding the date of this complaint, Defendant, threatened to garnish plaintiff's wages itself if she ever got a job, and to take her taxes, when it cannot do any of those things.

**ANSWER:** GC Services denies the allegations in paragraph 9 as untrue.

10. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

**ANSWER:** GC Services denies the allegations in paragraph 10 as untrue.

### *V. CLAIM FOR RELIEF*

11. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

**ANSWER:** GC Services repeats and restates and incorporates herein by reference its answers to the foregoing paragraphs, as if restated in full.

12. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following"

   a. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

   b. Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

   c. Defendant violated *§1692(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

   d. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

    did not intend to take.

**ANSWER:** GC Services denies the allegations in paragraph 12, including each of its subparts, as untrue.

  13. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

**ANSWER:** GC Services denies the allegations in paragraph 13 as untrue, including the implied allegation that GC Services engaged in the "acts as described above" by Plaintiff.

  14. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Brianna McCrary for actual damages, statutory damages, and costs and attorney fees.

**ANSWER:** GC Services denies the allegations in paragraph 14 as untrue, including the conclusory allegation that GC Services violated the FDCPA.

WHEREFORE, Plaintiff Brianna McCrary respectfully requests that judgment be entered against defendant GC Services Limited Partnership, for the following:

    A. Actual damages.

    B. Statutory damages pursuant to 15 U.S.C. § 1692k.

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

    D. For such other and further relief as the Court may deem just and proper.

**ANSWER:** GC Services denies that Plaintiff is entitled to any relief or damages of any kind whatsoever.

## *DEMAND FOR JURY TRIAL*

Please take notice that plaintiff, Brianna McCrary, demands trial by jury in this action.

**ANSWER:** GC Services acknowledges, and hereby relies upon, Plaintiff's demand for a jury trial, except that GC Services denies as untrue that Plaintiff is entitled to a jury trial all of her claims for relief.

>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>Michael J. Hodge (P25146)
>Scott R. Eldridge (P66452)
>
>
>By: s/ Scott R. Eldridge
>    Scott R. Eldridge (P66452)
>Attorneys for Defendant
>One Michigan Avenue, Suite 900
>Lansing, MI 48933
>(517) 487-2070
>email: hodge@millercanfield.com
>email: eldridge@millercanfield.com

DATED: October 9, 2012

## **DEFENDANT GC SERVICES, LP'S AFFIRMATIVE AND OTHER DEFENSES**

NOW COMES Defendant, GC SERVICES LIMITED PARTNERSHIP, by its attorneys, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., and, in further answer to Plaintiff's Complaint, states that it will rely upon the following Affirmative and Other Defenses, if applicable, based on facts to be determined through appropriate discovery:

1. Plaintiff has failed to state one or more claims upon which relief can be granted.

2. Plaintiff has failed to mitigate her alleged damages, his entitlement to which is specifically denied.

3. One or more of Plaintiff's claims is subject to dismissal under Rule 56.

4. Plaintiff's claims against GC Services are barred in whole or in part because they are subject to mandatory arbitration pursuant to a valid agreement.

5. Plaintiff lacks standing and/or is not a proper party.

6. Any violation of 15 U.S.C. 1692, *et seq* by Defendant, if proven, was the result of a bona fide error under 15 U.S.C. §1692k(c).

7. One or more of Plaintiff's claims is barred by the doctrines of satisfaction and accord, waiver, estoppel, res judicata, and/or the statute of limitations.

8. The court lacks personal jurisdiction over "Does 1 through 10."

9. There is no basis in this case for individual liability of the "Does" or any other individual.

GC Services reserves the right to amend its Answer to add additional Affirmative and/or Other Defenses or to delete or withdraw Affirmative and/or Other Defenses as may become necessary after reasonable opportunity for appropriate discovery.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael J. Hodge (P25146)
Scott R. Eldridge (P66452)


By: s/Scott R. Eldridge
 Scott R. Eldridge
Attorneys for Defendant GC Services LP
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 487-2070
email: eldridge@millercanfield.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2012, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of said filing to: Peter Jon Cozmyk.


MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Michael J. Hodge (P25146)
Scott R. Eldridge (P66452)


By: s/Scott R. Eldridge
 Scott R. Eldridge
Attorneys for Defendant GC Services LP
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 487-2070
email: eldridge@millercanfield.com

DATED: October 9, 2012

20,535,918.1\031578-00058