UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANNA MCCRARY,

        Plaintiff,                             Case No. 12-cv-13947
                                               HON. GERSHWIN A. DRAIN

v.

GC SERVICES LIMITED PARTNERSHIP,

        Defendant.

### ORDER GRANTING MOTION TO DISMISS "DOES 1 THROUGH 10" FOR FAILURE TO STATE A CLAIM [#6] AND CANCELLING HEARING

Presently before the Court is Defendants' Motion to Dismiss "Does 1 through 10" for Failure to State a Claim, filed on October 9, 2012. On September 18, 2012, Plaintiff initiated the present action against Defendant GC Services Limited Partnership ("GC Services") and Does 1 through 10 alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff's Complaint alleges that Defendant GC Services violated four separate subsections of the FDCPA in an attempt to collect a defaulted student loan from Plaintiff.

Plaintiff has not responded to Defendants' Motion to Dismiss "Does 1 through 10" and the time for filing a response has expired. Accordingly, the Court's clerk contacted Plaintiff's counsel on November 19, 2012 to ascertain whether Plaintiff opposed the present motion. On November 22, 2012, counsel for Plaintiff contacted the Court's clerk and advised that he did not intend to oppose the pending motion.

Upon review of Defendants' Motion to Dismiss "Does 1 through 10" for Failure to State a

-1-

Claim, the Court concludes that the relief requested is appropriate under Federal Rule of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 679. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*.

Plaintiff's Complaint fails to raise any independent claims or factual allegations against Does 1 through 10. Further, Plaintiff does not list any of the Does in the "Parties" section of the Complaint, nor does Plaintiff request any relief against the Doe defendants. Accordingly, Plaintiff's Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[]'" as to Does 1 through 10. *Iqbal*, 556 U.S. at 679.

Accordingly, Defendants' Motion to Dismiss "Does 1 through 10" for Failure to State a Claim [#6] is GRANTED.

The hearing on Defendants' Motion to Dismiss "Does 1 through 10" for Failure to State a Claim is CANCELLED.

The parties shall appear for the scheduling conference set for December 11, 2012 at 10:00 a.m.

SO ORDERED.

Dated: <u>November 27, 2012</u>    /s/Gershwin A Drain
                                  GERSHWIN A. DRAIN
                                  United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 27, 2012, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk